UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RAYMOND A. BERG,

    Plaintiff,

v.

NPAS SOLUTIONS, LLC,

    Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, RAYMOND A. BERG, is a natural person and citizen of the state of Florida, residing in Broward County, Florida.

4. Defendant, NPAS Solutions, LLC, is a limited liability company formed under the laws of the State of Tennessee and citizen of the State of Tennessee with its principal place of business at One Park Plaza, Nashville, Tennessee 32703.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt for Plaintiff's personal medical care.

11. Defendant left the following pre-recorded message on voice mail at Plaintiff's mother's residence, where Plaintiff had previously resided, on or about the date stated:

> **JULY 29, 2016 AT 9:19 AM, Pre-Recorded Message**
> Hello. We are calling from NPAS Solutions on behalf of Westside Regional Medical Center. This is a call from a debt collector. Please return our call at 866-258-1104 Monday through Friday during normal business hours. Thank you.

12. In addition to the foregoing message, Defendant left other similar pre-recorded messages on voice mail at Plaintiff's mother's residence, collectively, the "messages".

13. Plaintiff's mother heard Defendant's telephone messages.

14. Plaintiff did not authorize Defendant to communicate with his mother.

15. No court authorized Defendant to communicate with Plaintiff's mother.

16. Plaintiff's mother had no legitimate business need for the information communicated in the telephone messages.

17. Defendant knew or had reason to know that unauthorized persons with no legitimate business need for the information contained in its fully automated, pre-recorded messages may hear the messages.

18. The messages communicate information affecting Plaintiff's reputation.

## COUNT I
## UNAUTHORIZED COMMUNICATION WITH A THIRD PARTY IN VIOLATION OF THE FDCPA

19. Plaintiff incorporates Paragraphs 1 through 18.

20. Defendant communicated with a third party in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## UNAUTHORIZED COMMUNICATION WITH A THIRD PARTY IN VIOLATION OF THE FCCPA

21. Plaintiff incorporates Paragraphs 1 through 18.

22.     Defendant communicated information affecting Plaintiff's reputation to a third party who had no legitimate business need for the information in violation of Fla. Stat. §559.72(5).

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT III
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

23.     Plaintiff incorporates Paragraphs 1 through 18.

24.     Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's communications to an unauthorized person are in violation of the FCCPA.

25.     Plaintiff seeks a permanent injunction prohibiting Defendant from communicating with unauthorized persons.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a.     declaring that Defendant's practices violate the FCCPA;

    b.     permanently injoining Defendant from engaging in the violative practices;

    c.     Attorney's fees, litigation expenses and costs of suit; and

    d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>don@donyarbrough.com
>
>By: s/ Donald A. Yarbrough
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658

5